May it please the Court, my name is Matthew Mousley, and I represent the Petitioner David Gessert. The Merit Systems Protection Board made two fundamental errors in the ruling that is on appeal in this case. Both of these errors constitute legal conclusions that were made not in accordance with law and therefore were an abuse of discretion. For that reason, this Court should reverse the Merit Systems Protection Board's ruling in this case. And what is the reversal? What would follow from such a reversal should it happen? This Court could reverse the Board's ruling that the promotion that Mr. Gessert received was contrary to law and regulation. It could reverse that ruling and send it back to the Board to reinstate the AJA's ruling, the initial decision that the promotion was in fact legally valid and that Mr. Gessert's promotion should be reinstated. If he was conferred, placed in the 14th role without legal authority, then he had no entitlement to the 14th at any time, right? So he's not really reduced, he's just being maintained in the only grade he was ever entitled to. Well, no, that's not exactly true, Your Honor, because the… Well, we know that the government cannot violate the law in the sense of giving him something it has no statutory right to do. Well, there's two issues here. There's the jurisdictional issue, which is how the Board resolved the question in this case. But that jurisdictional issue and the way the appeal here is on a jurisdictional issue, that happens to get to the merits. How can he claim a promotion to a grade that he's not entitled to? It strikes me that you're saying, well, we'll give a narrow construction to this regulation that talks about pay and, you know, say it doesn't apply to grade promotions. So what's the remedy if that regulation doesn't apply? How's the agency supposed to remedy an unlawful grade promotion? Well, so the first answer to your question is that it's… There is… The record does support that there is a process by which Mr. Gessert could have been promoted to the promotion that he was… Let's put that aside for the moment and just, let's assume there was no appeal. What's supposed to happen? Is he supposed to keep the promotion? No, well… I'm sorry, Your Honor, are you asking a jurisdictional question or are you asking a question… I'm addressing the jurisdictional question. If the agency has unlawfully promoted him to a grade which he's not entitled to, what's supposed to happen? Somehow there has to be a mechanism for undoing that, right? There is, Your Honor, but what I'm saying, as to the specific, the jurisdictional exception focuses on the result of a personal action. What's the mechanism for undoing it? The mechanism for… Undoing an unlawful grade promotion. The mechanism for undoing an unlawful grade promotion would be to challenge… Well, the mechanism that the agency would apply would be a cancellation of the promotion, but the issue here was that there is authority supporting the promotion that was made, and the record factually supports that the process by which Mr. Gessert was promoted supports the promotion. So there is both legal authority and a factual record that supports the promotion. The issue on appeal here is a jurisdictional issue, a jurisdictional wrong that the Board made that happens to dovetail with the merits of the case, and the jurisdictional exception that was applied here. Was he promoted without legal authority? No, no, there was legal authority to support the promotion in this case. What's the legal authority? The legal authority is found in the regulations that speak to the PMF program. The… Yes, your brief sets out this convoluted procedure by which they could have maybe have done it, maybe, if they wanted to, and you assume they wanted to, but that's, of course, not before us. It's all conjecture. Was he conferred to a position without legal authority? Well, no, and your Honor, it's not… How can you say that? He, the result, the promotion is the result of a personnel process, and the process by which he was put into that promotion, there is a dispute, frankly, about whether the process that was documented was with legal authority and factually what his supervisor intended and what was affected. But there is legal authority to support the promotion and the result of the promotion. Normally, to get a promotion, it has to be merit-based in the regulations that talk about the eligibility for merit-based promotions, right? Right. Okay, he doesn't fit within that, right? Well, no, there are the regulations that address the PMF program, and promotions while a PMF fellow is within the PMF program, and upon graduation from the PMF program, contemplate the very promotion that was achieved here. And there's factual, the factual record supports that this actually has happened in the past. What provision says he can be promoted when he gets transferred to a position that he couldn't have gotten by the merit process? I'm sorry, I missed the first part of your question. What provision of the regulation says that he can be promoted when he leaves the fellows program in a way that he could not qualify for under the merit promotion program? Well, the PMF, the regulation, 5 CFR 362.204 D1, references that a merit, a PMF fellow may be promoted up to the GS 13 grade. It doesn't say anything, and that regulation doesn't say anything about not being able to promote to a GS 13. Well, that's, you can't rely on that as allowing a promotion beyond the GS 13, can you? Well, upon graduation from the program, because that regulation is speaking to what happens within, while a fellow is within the PMF program. And graduation from the PMF program into a permanent position is contemplated by the OPM guidance that goes with that regulation. And the OPM guidance contemplates that a PMF fellow can be promoted all the way up to a GS 13 grade, and then in that final promotion as a PMF fellow can then be converted into a permanent position, and at the same time promoted along a career ladder that allows him to be put into a GS 14 grade upon graduation from the PMF program. So the conversion at the end of the program to the permanent position, that is not deemed a competitive hire, is that right? Yes, that's correct. The way that the regulations spell it out, that is part of the PMF program. While a fellow is within the PMF program, there's an exception from the competitive process. So if... Oh, sorry, I was going to say... If that had been done, or that was done, the problem was that it was accompanied by, let's say, a premature increase in grade, right? Which was then deemed to be premature by the agency, and they reversed it. Right, but the issue here is not that the promotion was premature. The promotion itself was timely and was, as is contemplated by the regulation and the guidance, the issue... But the promotion was into a position that required competition. Well, in the regular process, yes, had Mr. Gessert not been graduating from the PMF program, then right, there would be no, at least under the circumstances that we're talking about, there would be no reason he would be accepted from the competitive program. But the regulations contemplate that a PMF fellow who is in the program can be promoted up to the GS 13 grade... Within the program. Within the program, right, can be... We're now out of the program. Right, right, but can be promoted to up to a GS 13 grade and in a position that as a GS 13 grade has a career ladder to GS 14. What is the full performance level of Mr. Gessert in the PMF program? In the PMF program, the position that he held before he was promoted out of the program, the full position was a GS 13. But there is factual support in the record to show that his supervisors were trying to affect the process that is laid out in petitioner's brief that is, at least hasn't been disputed by the board, as being a correct, legally valid process. That's the four-step process that never happened that you conjecture might have happened if they wanted it to happen, but never did. Well, no, not necessarily, Your Honor. Did it happen? Well, yes, I submit that the record does support, could support a finding. Did the four steps happen? Yes, I submit that the record supports that the four steps could happen. One could make a factual finding. The issue here, though, was that the board ignored all that and made a jurisdictional ruling. Did the board make that finding? No, no, no, Your Honor, but because the board made a jurisdictional determination based solely on its interpretation of the one regulation and that disagreed with the A.J.'s interpretation of the legal conclusion about that regulation. What's the authority for the second step in this process, which is, I understand, that he could be given a non-competitive pro-labor promotion to GS 14. What's the basis for that? The basis for that would be is if he were promoted to a GS 13 grade, as his last promotion while a fellow in the PMF program, he could have been promoted to a GS 13 grade with a career ladder to GS 14. A career ladder just means that you can move up the ladder and eventually become a GS 14, right? Well, yes, but that's important under the regulations. The regulations say that if there is an established career ladder, upon conversion from the PMF program, he may be promoted along that ladder non-competitively, and that would be the last exception to the competitive process. That's what's in dispute here, was that his supervisors were intending to promote him along that last promotion that is accepted from the competitive process. But that's not a regulation, if I recall correctly. It's an OPM policy statement. The regulation doesn't speak directly to this process, but it doesn't prohibit it. That's the problem. You can't say that he can be promoted as long as the regulations don't prohibit it. You've got to find authority for doing it. Well, and there is authority. If reading the regulation that allows, as I'm asserting, that the regulation allows a promotion of a GS 13 and then a promotion with a career ladder to a GS 14, and then a last promotion along that career ladder that is accepted from the competitive process. The OPM guidance on the PMF program specifically contemplates that and indeed says that in an ideal case the career ladder is spelled out, but it also admits that in a non-ideal case the career ladder may not be spelled out. And so that's part of the factual dispute, and what Mr. Gesser would benefit from the board actually looking at the record in this case as showing that career ladder and whether there was an intention to put him in a position that has a career ladder that he could be promoted along. Why are you saying that the regulations provide that somebody who has been in the fellows program who is converted to a civil service provision, a position, can suddenly be promoted without regard to the merit promotion system that everybody else has to go through?  The PMF program is designed in a way that is accepted from the normal competitive process. I'm talking about after you get out of the program. Why should this person be able to be promoted in a way that other people couldn't be just because he had been in the fellows program? Because it's part and parcel of the PMF program. In other words, and that's my argument that I seem not to be getting a lot of traction with here, but is that the PMF program specifically accepts from the competitive process and allows even as a last promotion a conversion from the PMF program to a permanent position, and that is the last. So two years from now he could be promoted again without regard to the regulations, right? No, no. I'm saying as the final promotion out of the PMF program. I'm not saying that all graduates of the PMF program are accepted indefinitely from the competitive process. I'm saying the last promotion that the regulations provide for at least don't restrict and don't expressly exclude, and that the OPM guidance about the program, and the program is an OPM program, specifically contemplates this type of promotion as the final promotion out of it. I'll save the rest of your rebuttal time. Sure. Thank you, Mr. Morrell. Thank you, Your Honor. May it please the Court. The petitioner's effort to claim that he was promoted to a GS-14 essentially is based on that he was properly appointed to it, plus clearly he was noncompetitively appointed to it, is based on a hypothetical to assertion. Why doesn't the government say that he couldn't be promoted under the hypothetical alternative either? I mean, your view struck me as extremely strange. You say, well, maybe they could have done it this way, but that's not what, in fact, they did. I don't understand how he can be promoted under this alternative hypothetical. Well, it assumes a lot of things that aren't in the record. Well, do you agree that he could be promoted under this alternative? No, I think it's very doubtful that he could be, and here's why. The agencies who are conducting the Presidential Management Fellow Program are required to place the fellows in positions that will prepare them for their ultimate placements in the civil service, and that's got to be the goal of how they use their assignment authority, and he's proposing that the agency assign the petitioner, assuming that there were even available positions, that they could have assigned him to another position that was in a career ladder, and then when he was converted, promoting up the career ladder, and then laterally. How can he be promoted up the career ladder without regard to the regulations in the National Promotion System? Oh, here's what's missing there. If he had been in a 13 position that was in a career ladder, which he was not, if he had been in such a position, then he could have been appointed to a 14 as soon as he was converted. Why? Well, that's the nature of a career ladder, that you're allowed to be noncompetitively appointed, provided he'd been a year in the lower grade, which he would have satisfied. But they didn't do that. It's entirely based on a hypothetical, and what the agency hypothetically could have done simply has no bearing on the legality of what they did do, which was to directly appoint him, not up a career ladder, and noncompetitively to a 14, and they simply had no authority to do that. And that's because once you're converted into the civil service, you're subject to the civil service rules, under which, generally speaking, a promotion has got to be done on a competitive basis. There is a narrow exception in the regulations for career ladder promotions, but he wasn't in a career ladder. He was in the full performance of his 13. So if the 13 position that he'd been appointed to while he was in the fellows position had had a career ladder going up to 14, he could have been promoted the next day to a 14 because he'd been in the position for a year. Yes, if he met the other qualification, which would be the time of grade. But that didn't happen. Didn't the ALJ think that because he'd been in grade 13 for a year as a fellow, that that may have satisfied the one-year requirement? Well, her decision was essentially based on a misreading of the exception allowing career ladder promotions. The whole idea of the career ladder is that you have a position that's in the career ladder where a higher graded position is the full performance of the position and the lower position is one that's viewed as an assignment to prepare you for the higher graded position. And in those circumstances, after the time of grade, you can be promoted up the ladder non-competitively. But in this situation, he wasn't in that kind of a position. And her reading, however, of the exception, which lists various categories of federal employees, how they enter the civil service, and says that in the case of these employees, an assignment to a position which is intended to prepare them for a higher level position, they can then be promoted non-competitively to that once they meet the time of grade requirements. She interpreted the provision, the limitation within the exception, to apply only to the last category of the employees listed, which is a completely implausible reading of this narrow exception because it would, in fact, mean that most employees in the civil service could be non-competitively appointed. And that's clearly not what the regulation means.  The board corrected that in its final decision, finding that, in fact, there had been a non-competitive, an improper non-competitive promotion. Now, there is another issue in the case, which is whether the board should have dismissed the appeal for lack of jurisdiction under the regulatory exception which accepts from adverse action the reduction of an employee's basic rate of pay from an improper higher rate of pay. The petitioner argues that that shouldn't be narrowly construed and should not apply to a reduction in grade. But what he overlooks is that, at least in the case of a reduction in grade that is taken to cancel an improper promotion,  because a promotion under the regulation always increases pay. It always provides that you'll be placed in the step where your pay goes up when you have a grade promotion. So, for that reason, the board properly treats that regulation as applying. And, therefore, once it determines that what we have is a cancellation of a promotion that was legally improper, was done without any legal authority, that's not an appealable action within the board's adverse action jurisdiction. And it makes sense because once that's determined, unlike other adverse actions, there's nothing left for the board to decide. The only remedy is to cancel it. There's no other issues like is the penalty appropriate to the offense or is it related to the efficiency of the service. Could I bring you back to the first issue so I can understand this? When he was in the fellows program, he was given a GS-13 marketing specialist position, right? No, he had three different positions. He went from a 12 to a 13. And then at the end, he was the third. No, then they made him a GS-13 business analyst was what he was at the end. Okay. Are you saying that the GS-13 business analyst position doesn't have a career ladder? No, it didn't have a career ladder. It was up to 14, right? It was not in a career ladder. That's correct. But if they had appointed him to a business analyst position that did have a career ladder up to 14, then he could have been awarded. Yes, that's correct. But they did not do that. And it's not clear whether there is such a position. So if you have no further questions. Thank you, Mr. Morrow. Yes. Mr. Malmstrom, you have a minute and a half. Well, as to that last point, as to whether he was put into a GS-13 position with a career ladder or a GS-14, the issue here is that both the AJ and the Board made decisions as a matter of law that didn't get into the evidence of record that would support that he was actually put into a GS-13 position with a career ladder or a GS-14. And as the Board was just explaining, it's unclear whether there was a position. What is clear is that the evidence, the e-mails in the record that are in the appendix in the briefing to this court, show that his supervisors intended to put him into a GS-13 position with a career ladder of 14, that they were trying to follow the same process by which they had promoted a prior PMF fellow and had followed that process and there was no indication, at least in any of the evidence in the record here, that there was any problem with the same promotion of this prior PMF fellow. There's also evidence, e-mail in the record, that the promotion itself was authorized, approved, and submitted to HR, presumably for documenting an SF-50. But he didn't make no showing that while in the fellows program, he had a GS-13 position that had a career ladder of 14, right? I'm saying, yeah, that the record supports that. The e-mails in the record support that, but there was never a hearing by which or there were never factual findings made on that particular position, because from the time it went to the Board, it was all a jurisdictional question that focused on the conclusions of law and the legal interpretation of the regulations. Thank you, Mr. Mouse.